# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**PATSY RUTH LONG,**<br><br>                        **Debtor** | **Chapter 13**<br>**Case No. 09-10582-FJB** |

## MEMORANDUM OF DECISION ON
## DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE

The chapter 13 debtor, Patsy Ruth Long ("the Debtor"), appearing *pro se*, has moved to vacate this court's order of dismissal of May 15, 2009.  By that order, the Court granted the motion of the chapter 13 trustee ("the Trustee") to dismiss, to which the Debtor had filed no response within the twenty-day period required by this court's local rule, MLBR App. 1, Rule 13-17(a).[1]  The trustee's motion sought dismissal for failure of the debtor to make the first plan payment and to file or provide to the trustee six enumerated documents.  In her motion to vacate, the debtor now states that she missed the objection deadline because, the Court having established May 28, 2009 as the deadline for filing an amended plan, she believed the deadline for the filing of all "paperwork" (which the court construes to include her objection to the motion to dismiss) was extended to that date.  She states that she failed to make her first payment because she believed no payment would be required until her plan was confirmed.  And she adds that she has adduced two of the documents sought by the trustee; she makes no mention of the others.  In a response to the motion to vacate, the chapter 13 trustee, Carolyn Bankowski, states that she does not oppose reinstatement of the case but also (i) that the debtor still has not adduced certain of the missing documents (evidence of real estate value and an amended schedule C) and (ii) that although the debtor has now made her first payment, she has failed to

---

[1] In relevant part Rule 13-17(a) states: "A party who opposes a motion to dismiss shall file a response to the motion to dismiss within twenty (20) days of service of the motion.  If no response to the motion to dismiss is filed, the Court, in its discretion, may allow the motion without a hearing."

make the second and third, which have since come due. For the reasons set forth below, the court will deny the motion to vacate and reinstate.

First, the Debtor has stated no cause for reconsideration. Pro se debtors are expected to familiarize themselves with and to abide by the rules of the court. There was nothing ambiguous about the local rule or the order establishing the deadline for filing an amended plan that would have justified even a pro se litigant's confusion about the deadline for opposing the motion to dismiss. The court will sometimes accommodate pro se litigants as they become familiar with the rules and practices of the court, but this debtor is not new to the Bankruptcy Court. She and her husband are veterans of at least six cases over the last nineteen years,[2] almost entirely as pro se debtors, which cases have cumulatively gained them the protections of bankruptcy and the automatic stay for at least eleven full years. During almost all of this time,

---

[2] The six cases are as follows:

(1) Case No. 90-12924, a chapter 13 case filed by this debtor pro se under the name Patricia R. Long on June 5, 1990 and dismissed on December 10, 1990 on motion of the chapter 13 trustee because the debtor's debts exceeded the eligibility limits for chapter 13;

(2) Case No. 91-12470, a chapter 11 case filed by this debtor under the name Patricia R. Long on March 25, 1991 and dismissed on motion of the United States Trustee for dismissal on April 15, 1992;

(3) Case No. 97-13364, a chapter 13 case filed by the Debtor's husband, James Long , Jr., pro se on April 10, 1997 and dismissed over five years later on April 26, 2002;

(4) Case No. 03-10565, a chapter 13 case filed by this debtor pro se under the name Patsy Ruth Long on January 22, 2003, and dismissed on April 23, 2003 when (as in the present case) she failed to object to the motion of the chapter 13 trustee to dismiss for failure to produce certain documents and to make her first plan payment;

(5) Case No. 05-11312, a chapter 13 case filed by the Debtor's husband, James Long , Jr., on February 28, 2005 and converted to Chapter 7 on March 1, 2007. This case remains open. A foreclosure sale of the debtors' principal asset, the real property at 149 Adams Street in Lexington, Massachusetts was scheduled for foreclosure in January 2009; and the chapter 7 trustee, though doubtful that the property would yield value for the estate, nonetheless was reluctant to abandon the asset or to close the case before the foreclosure sale; and

(6) Case No. 09-10582, the present chapter 13 case filed by this debtor pro se under the name Patsy Ruth Long on January 27, 2009.

they have acted pro se, despite repeated advisements to obtain the assistance of counsel.  This debtor is entitled to no accommodation here, especially since her 2003 case was dismissed under circumstances identical to those presented here:  she failed to object to a motion of the chapter 13 trustee to dismiss for failure to produce certain documents and to make her first plan payment.  In any event, even allowing for her pro se status, she has not stated grounds on which her neglect could be deemed excusable.  Reconsideration and vacatur may be denied on this basis alone.

Second, the Debtor's motion to vacate and reinstate does not answer the grounds for which the trustee sought dismissal.  According to the Trustee, at least two documents she sought have still not been produced, and the Debtor is further in arrears on her payments to the Trustee at this juncture than she was when the motion was filed.  The Debtor does not address these missing documents and her arrearage in payments.  Even if reconsideration were warranted, the Debtor has not stated cause to reach a different result.

Third, reinstatement would be futile.  The debtor is not an attorney and patently lacks the legal wherewithal to file a confirmable plan on her own.  This would be true even if she were proposing the simplest of plans (as it would be for almost any debtor lacking in legal training), but she is not.  She is nearly fifteen years in arrears on her mortgage (the *arrearage* stated in the mortgagee's proof of claim is $394,347) and cannot hope to cure that arrearage through payments from disposable income over five years.  She requires a different strategy, and the pleadings she has filed to that end are grossly inadequate, both legally and procedurally, and, for the most part, unintelligible.[3]   She has proven herself incapable of competently prosecuting a case under chapter 13.

Fourth, she and her husband have proven adept only at delay.  I am mindful that she

---

[3] See, for example, her Amended Plan [Doc. #64], her Motion to Reaffirm Debt [Doc. # 71], her Motion to Discharge Creditor's Mortgage [Doc. # 62] (which names no mortgagee and was not served), among others.

appears to have commenced the present case only on the eve of foreclosure, despite the fact that her husband has himself been in his most recent bankruptcy case for over four years, during which time he has made no progress in addressing the mortgage at issue. I am hardly confident that reinstatement of this case would not merely serve the purpose of further delay.

    For these reasons, I am satisfied that the motion for reconsideration should be denied. A separate order will enter accordingly.

Date: June 4, 2009

                              Frank J. Bailey
                              United States Bankruptcy Judge